**IN THE UNITED STATES DISTRICT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

BRANDON BOLDEN                                                    PLAINTIFF

VS.                                    CIVIL ACTION NO. 3:07CV00154-HTW-LRA

MALCOLM E. MCMILLIN, SHERIFF OF
HINDS COUNTY; HINDS COUNTY BOARD
OF SUPERVISORS; HINDS COUNTY,
MISSISSIPPI; AND JOHN DOES 1-10                         DEFENDANTS


## ORDER DENYING REMAND

Before the court is the motion of the plaintiff, Brandon Bolden, asking this court to remand these proceedings to the Circuit Court of the First Judicial District of Hinds County, Mississippi [docket # 4].  Plaintiff filed this action in the Circuit Court of the First Judicial District of Hinds County, Mississippi, against the numerous defendants set forth above on March 21, 2006.  In his complaint, he asserts state law claims as well as claims arising under the United States Constitution.  For the reasons which follow, this court denies plaintiff's motion to remand.

### Procedural History and Background Facts

On April 29, 2005, the plaintiff was involved in an altercation with several unnamed Hinds County Sheriff Deputies and/or guards while being incarcerated at the Hinds County Detention Center in Raymond, Mississippi.  After the altercation, the plaintiff was taken to the Central Mississippi Medical Center for medical treatment.

Plaintiff subsequently filed suit in the state court alleging the following state law

1

torts: negligence, assault and battery, emotional distress, and outrage.

On September 14, 2006, the plaintiff filed a motion for leave to amend his complaint pursuant to Rule 15(a) and (c) of the Mississippi Rules of Civil Procedure. Soon after, the defendants filed their first notice of removal.  Plaintiff subsequently moved to remand the case.  This court granted plaintiff's first motion to remand, holding that the defendants' removal had been premature because the plaintiff had not yet effectuated his amended complaint in state court.

Following the remand, on March 9, 2007, plaintiff filed an amended complaint in the state court, asserting that defendants had violated his rights, *inter alia,* under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.  Plaintiff brought these claims under Title 42 U.S.C. § 1983.[1]  On March 20, 2007, the defendants timely filed a notice of removal to this court contending that plaintiff's complaint had invoked this federal court's subject matter jurisdiction under Title 28 U.S.C. § 1331,[2] federal question.  On April 18, 2007, the plaintiff filed this, his second motion to remand.

---

[1]Title 42 U.S.C. § 1983 provides:  Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, . . .

[2]Title 28 U.S.C. § 1331 provides: The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

## II.  Standard for Remand

Under Title 28 U.S.C. § 1447(c),[3] a district court is mandated to remand a case if, at any time before final judgment, it appears the court lacks subject matter jurisdiction.  Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists.  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995);  *Webb ex. rel. Groth v. City of Leland, Mississippi*, 2004 WL 3092767, 1 (N.D. Miss. 2004).  The Fifth Circuit has held that the removal statutes are to be construed "strictly against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996); *see Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941).

Defendants maintain that a remand is not warranted because plaintiff clearly has pled a federal cause of action.  Whether a claim arises under federal law so as to confer federal question jurisdiction under Title 28 U.S.C. § 1331 is governed by the Well-Pleaded Complaint Rule, which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987).  The plaintiff is "the master of his complaint," and, as such, "[a] determination that a cause of action presents a federal question depends upon the allegations of the plaintiff's well-pleaded complaint."  *Medina v. Ramsey Steel Co. Inc.*, 238 F.3d 674, 680 (5th Cir.2001) (citing *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th

---

[3]Title 28 U.S.C. § 1447 (c) provides: A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).

Cir. 1995).  When a plaintiff has a choice between federal and state law claims, he may proceed in state court "on the exclusive basis of state law, thus defeating the defendant's opportunity to remove." *Id.*  Thus, to support removal, the defendant must show that a federal right is an essential element of the plaintiff's cause of action. *Id.*

While the federal law itself creates the cause of action in the majority of federal question cases, federal question jurisdiction may also exist where "the vindication of [the subject state law cause of action] necessarily turn[s] on some construction of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (198); *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 808-09, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987).

### III.  Discussion

**A.  Well-pleaded complaint**

The court finds, based on the record before it that plaintiff pled a federal cause of action in Count II - "Action for deprivation of civil rights (Title 42 U.S.C. § 1983)," as well as invoked his Fifth, Eighth, and Fourteenth Amendment rights under the United States Constitution.

The crux of plaintiff's complaint is that defendants used excessive force under the color of law.  The only material difference between the various counts is the legal theory under which each claim is brought.  Although plaintiff has a greater number of state law claims as opposed to his federal law claim, the various claims are clearly intertwined.  Thus, this court cannot conclude that the count grounded in federal law is

separate and independent from plaintiff's state law claims.   Accordingly, §1441(c)[4] is

not implicated, so plaintiff's request for a remand under that section is denied.

## B.  Concurrent Jurisdiction

Plaintiff does not dispute that his complaint states a federal claim, but rather

insists that because state courts have concurrent jurisdiction over claims brought

pursuant to Title 42 U.S.C. § 1983, this case should be remanded to state court.

Plaintiff correctly notes that state and federal courts have concurrent jurisdiction over

matters arising under the United States Constitution and the Civil Rights Act.  *See e.g.,*

*Long v. District of Columbia*, 469 F.2d 927, 928 (D.C. Cir. 1972);  *Barbier v. Governor of*

*the State of New Jersey*, 475 F.Supp. 127, 133 (D.N.J. 1979).

This argument fails however.  A federal court is not required to remand a case to

state court because of concurrent jurisdiction.  *See Webb ex. rel. Groth v. City of*

*Leland, Mississippi*, 2004 WL 3092767 (N.D. Miss. 2004); *see Baldwin v. Sears,*

*Roebuck & Co.*, 667 F.2d 458, 459 (5th Cir. 1982) (holding that '[u]nless . . . there is an

express declaration by Congress to the contrary, all types of civil actions, in which there

is concurrent jurisdiction in both federal and state courts, are removable."); *Pace v.*

*Hunt*, 847 F.Supp. 508 (S.D. Miss. 1994) (holding that "the removal statute would be

eviscerated if actions such as the present one were remanded to state court simply

because such courts have concurrent jurisdiction.")

---

[4]Title 28 U.S.C. § 1441(c) provides: Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

## IV.  The Matter of Sanctions

The defendants claim they are entitled to attorney's fees under Rule 11, Federal Rules of Civil Procedure.  "For purposes of Rule 11, a claim is frivolous 'only when, objectively speaking, the pleader or movant has no hope of success.'" *Stevens v. Lake*, 615 So.2d 1177, 1184 (Miss. 1993) (quoting *Tricon Metals & Serv's, Inc. v. Topp*, 537 So.2d 11331, 1335 (Miss.1989));  *Smith v. Malouf*, 597 So.2d 1299, 1303 (Miss.1992) (applying Rule 11 definition to Litigation Accountability Act context)." *Wilson v. Greyhound Bus Lines*, 830 So.2d 1151 (Miss. 2002).

The court finds that plaintiff's motion for remand is improvident under Rule 11 as well as under Title 28 U.S.C. § 1447(c).[5]  Plaintiff's motion for remand was filed in clear defiance of plainly-established jurisprudence which counsels against such a motion. Therefore, this court awards costs and fees.  Defendants shall submit their cost bill within five (5) days of the date of this order.  Plaintiff shall have ten (10) days thereafter to respond.

## V.  Conclusion

This court, then, is persuaded to follow the lengthy line of cases which hold that removed actions which are imbued with a federal character such as Title 28 U.S.C. § 1983 will not be remanded to state court simply because there exists concurrent jurisdiction.  This court clearly possesses subject matter jurisdiction to adjudicate this

---

[5]Title 28 U.S.C. § 1447 (c) provides: A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.  An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. . .

dispute until its ultimate conclusion.  Therefore, this court hereby denies plaintiff's

motion to remand and imposes costs and fees against plaintiff.

**SO ORDERED AND ADJUDGED**, this the 2nd day of December, 2007.

s/ HENRY T. WINGATE
CHIEF UNITED STATES DISTRICT JUDGE

Civil Action No. 3:07-cv-154 HTW-LRA
Order Denying Remand